## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") covers all understandings between **JORGE ZULUAGA** (hereinafter referred to as "Plaintiff") and Defendant WORLDGATE VACATIONS LLC (hereinafter referred to as "Worldgate").

**WHEREAS** Plaintiff filed a Complaint against Worldgate in the United States District Court in and for the Middle District of Florida, styled *Vicenzo Cassini, Jorge Zuluaga, and Jorge Jairala v. Worldgate Vacations LLC*, Case No. No. 6:18-cv-00299.

**WHEREAS**, the Parties wish to amicably resolve the Action and mutually release each other from and against all claims that have been or could have been asserted in the Action.

**NOW THEREFORE**, in consideration of the mutual promises, mutual releases, and covenants contained herein, the Parties have agreed as follows:

1.   For and in consideration of the promises made by Plaintiff, Worldgate agrees to pay Plaintiff the following amounts, 10 calendar days after the dismissal of the action.

   a.  One check made payable to **JORGE ZULUAGA** in the amount of **One Thousand Dollars and Zero Cents ($1,000.00)**. Of the stated amount, $900 will be payment for alleged wages and liquidated damages, and $100 will be consideration for the release included herein. A form 1099 will be issued and Plaintiff agrees that he will be responsible for all taxes to be paid on this money received.

   b.  One check made payable to **JORGE ZULUAGA** in the amount of **Eight Hundred Thirty-Six Dollars and Fourteen Cents ($836.14)**, which is payment for alleged wages and liquidated damages. A form 1099 will be issued and Plaintiff agrees that he will be responsible for all taxes to be paid on this money received.

   c.  One check made payable to **Cynthia Gonzalez PA for $1,100** which is payment for Plaintiff's attorney's fees and costs. A Form 1099 will be issued.

2.  The parties agree to waive, release and forever discharge each other from all known and unknown actions, claims, counter-claims, or liabilities, occurring on or before the effective date of this Agreement, which is the date the last party executes the Agreement.

3.  The Parties agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with their attorneys. The Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

4. The Parties agree and acknowledge that this settlement is the compromise of disputed claims and hereby agree, acknowledge, and understand that nothing in this Settlement Agreement and Release shall constitute, be construed, or be treated as an admission of liability or wrongdoing by any of them.

5. Any reference checks directed to Wordgate will be responded to in a neutral manner. Worldgate will only Plaintiff's date of employment and last position held.

6. The Parties will seek Rule 41 Dismissal of the lawsuit styled: *Vicenzo Cassini, Jorge Zuluaga, and Jorge Jairala v. Worldgate Vacations LLC*, Case No. No. 6:18-cv-00299. If the Court rejects the Rule 41 dismissal, the parties will seek approval of settlement.

7. The Parties agree that they will keep the terms of this agreement and related settlement discussions confidential and that they will not hereafter disclose or attempt to disclose any information concerning this agreement to anyone, unless otherwise required by law. Nothing in this paragraph precludes the Parties from divulging the terms of this agreement to their spouse, tax advisor, financial planner or attorney.

8. Worldgate will pay 100% of the mediator fee in the case *Vicenzo Cassini, Jorge Zuluaga, and Jorge Jairala v. Worldgate Vacations LLC*, Case No. No. 6:18-cv-00299.

9. This Agreement may be executed in counterparts, each of which (including duplicates, photocopies, faxes or scans of originals) so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected.

11. This Agreement shall be interpreted, governed, and conformed in accordance with the laws of the State of Florida. In the event that any party breaches any provision of this Agreement, the Parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

ATE: 11/15/18          Signature    _Jorge Zuluaga_
                                   JORGE ZULUAGA

ATE  11/21/2018        Signature:  _____
                                   On behalf of WORLDGATE VACATIONS
                                   Print name   ARIADNA SANCHEZ