# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VICENZO CASSINI, JORGE
ZULUAGA and JORGE JAIRALA,**

        **Plaintiffs,**

**v.**                                      **Case No:  6:18-cv-299-Orl-28DCI**

**WORLDGATE VACATIONS, LLC,**

        **Defendant.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. 38)** |
| **FILED:** | **January 10, 2019** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On March 1, 2018, Plaintiffs, through counsel, filed a Complaint pursuant to the Fair Labor Standards Act (FLSA).  (Doc. 1).  Plaintiffs subsequently filed an Amended Complaint alleging that Defendant violated the FLSA by failing to properly pay overtime and minimum wage.  (Doc. 17-1).  On January 10, 2019, the parties filed a Joint Motion to Approve Settlement.  (Doc. 38, the Motion).  The parties have attached three Agreements pertaining to each of the Plaintiffs' individual claims. (Doc. 38-1, 2, 3).  After a review of the parties' filing, the Agreements are not approved as submitted.

Any settlement of FLSA claims must either be supervised by the Secretary of Labor or must be approved as a fair and reasonable settlement by the Court. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Here, there are three issues that preclude a finding of fairness and reasonableness: (1) the parties failed to disclose the unpaid wages *and* liquidated damages; (2) the Agreements include a confidentiality provision; and (3) the parties do not provide an explanation or supporting authority with respect to the consideration for the release.

## I.      Settlement Amount

In the Motion, the parties represent that the Plaintiffs are to receive checks payable for "alleged wages and liquidated damages." (Doc. 38-1, 2, 3). In addressing the settlement amount, 29 U.S.C. § 216(b) provides that "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." A court may, in its discretion, reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). As such, if a settlement occurs, the Court must review for reasonableness and fairness for the amount of unpaid wages *and* the amount of liquidated damages paid, if any.

The three Agreements respectively state that the Plaintiffs will receive two checks for "alleged wages and liquidated damages" in the following amounts: (1) Plaintiff Casini is to receive $1,900.00 and $515.16; (2) Plaintiff Zuluaga is to receive $900.00 and $836.14; and (3) Plaintiff Jairala is to receive checks for $190.00 and $198.04. (Doc. 38-1, 2, 3). The parties have failed to

specify the portion of the amount that is designated for "alleged wages" and the portion designated

for liquidated damages.  The Court, therefore, finds that it cannot adequately review the settlement

for fairness and reasonableness.[1]

## II.    Confidentiality Provision

The three Agreements each contain a confidentiality provision prohibiting disclosure of the

terms of the Agreements and the related settlement discussions.  (Doc. 38-1, 2, 3).  Courts in this

circuit have routinely struck confidentiality provisions in FLSA settlement agreements as

unenforceable and contrary to the legislative purpose of the FLSA.  *See, e.g.*, *Ramnaraine v. Super*

*Transp. of Fla.*, *LLC*, 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3-4 (M.D. Fla. Mar. 18,

2016) (stating that confidentiality clauses contained in FLSA settlement agreements "thwart

Congress's intent to ensure widespread compliance with the FLSA") (citations and internal

quotations omitted), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4,

2016); and *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("The district

court should reject as unreasonable a compromise that contains a confidentiality provision, which

is unenforceable and operates in contravention of the FLSA.").  In the Motion, the parties fail to

address the foregoing authority or why the Court should allow the confidentiality provision to

stand.  Often in these circumstances, the undersigned would recommend that the Court strike the

confidentiality provision, and this may be the undersigned's recommendation upon re-filing of the

Motion.

---

[1] To the extent that the Agreement does not include full payment of Plaintiff's liquidated damages, the parties must show in their Motion that there is a genuine dispute regarding whether or not Plaintiff is entitled to liquidated damages. *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) ("[A] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them.") (citation omitted).

### III.     Consideration for Release

The Agreements include general release provisions which waive, release and forever discharge the parties from all known and unknown actions, claims, counter-claims, or liabilities, occurring on or before the effective date of the Agreements.  (Doc. 38-1, 2, 3).  The courts will allow a general release in exchange for consideration where the amount designated as separate consideration is "wholly unrelated to the value of the [plaintiffs'] FLSA claims."  *Weldon v. Backwoods Steakhouse, Inc.*, 6:14-cv-79-ORL-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014).

Under this standard, the Court will not grant the motion because it appears that the separate consideration was actually an amount deducted from the already agreed upon payment. Specifically, Plaintiff Zuluaga is to receive a check for $1,000.00 with $900.00 to be paid for wages/liquidated damages and $100.00 for the consideration; Plaintiff Casini is to receive a check for $2,000.00 with $1900.00 for wages/liquidated damages and $100.00 for consideration; and Plaintiff Jairala is to receive a check for $200.00 with $190.00 for payment of wages/liquidated damages and $10.00 for consideration.  (Doc. 38-1, 2, 3).  The Court cannot make an informed decision on the reasonableness of these amounts without further explanation as to how they were derived.

Further, with respect to Plaintiff Jairala's consideration for the release, $10.00 does not seem reasonable.  Again, the parties have failed to include an analysis with regard to consideration and there is no citation to any authority that would justify acceptance of what appears to be a nominal amount.

In light of these concerns, the unexplained inclusion of the general release in a FLSA settlement often results in a finding that the settlement is not a fair and reasonable resolution of a

plaintiff's FLSA claims.  *See, e.g.*, *Shearer v. Estep Const., Inc.*, Case No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015) (finding mutual general release prohibited the court from assessing its impact on the fairness and reasonableness of the settlement agreement).   And even if the undersigned found the agreement otherwise fair and reasonable, the undersigned may recommend that the Court strike the general release.

Accordingly, it is **ORDERED** that:

1.   The Joint Motion for Settlement Approval (Doc. 38) is **DENIED without prejudice**; and

2.   On or before March 20, 2019, the parties are directed to file a renewed motion for settlement approval along with their signed Agreements.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record