UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| VICENZO CASSINI, JORGE ZULUAGA, and JORGE JAIRALA | Case No. 6:18-cv-00299 |
| Plaintiffs, | |
| v. | |
| WORLDGATE VACATIONS LLC, formerly AD1 Vacation Team, LLC, | |
| Defendant. | |

## SECOND JOINT MOTION FOR APPROVAL SETTLEMENT

Plaintiffs, VICENZO CASSINI, JORGE ZULUAGA, and JORGE JAIRALA (hereinafter "Plaintiffs"), and Defendant WORLDGATE VACATIONS LLC, formerly AD1 Vacation Team, LLC ("Defendant"), hereinafter collectively referred to as the "Parties," by and through undersigned counsel, hereby file this Joint Motion and state the following in support thereof:

1. Plaintiffs filed the instant action alleging that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") and seeking unpaid wages pursuant to Florida Law. (Dockets No. 1 and 17.1)

2. The Parties negotiated a settlement of this matter for Plaintiffs' wages, liquidated damages, as well as attorney's fees and costs.

3. On January 10, 2019, the Parties filed a Joint Motion to Approve Settlement and to Dismiss with Prejudice. (Docket No. 38).

1

Case 6:18-cv-00299-JA-DCI   Document 40   Filed 03/20/19   Page 2 of 5 PageID 180

4. On March 6, 2019 the Joint Motion was denied because the parties failed to itemize the portion of the amount designated for alleged wages and liquidated damages, and because of concerns regarding the confidentiality and general release provisions. (Docket No. 39).

5. The Parties have executed new settlement agreements that itemize the amounts to be paid to each Plaintiff and removed the confidentiality and general release provisions.

6. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties request that the Court approve the Settlement Agreements entered by the Parties.

7. The individual settlements of the instant action involve a situation in which the Court may approve the Parties settlements to resolve and release Plaintiffs' FLSA claims against Defendant. The proposed settlements arise out of an action brought by the Plaintiffs against their former employer, which was adversarial in nature. The individual settlements are a compromise of disputed amounts.

8. The Parties agree that the case involved disputed issues of liability. There was a significant dispute between the Parties as to Plaintiffs' entitlement to overtime, the amount of overtime liability, and the method of calculating overtime hours (as commission and bonuses were involved).

9.  Plaintiffs alleged that overtime calculations did not include commission payments, and that wages and overtime were partially paid (and later deducted from other subsequent wages). Defendant alleged Plaintiffs' reserves were in negative due to defaulted sales and that Plaintiffs owed money to their former employer. Additionally, in the weeks leading up to the mediation, the parties exchanged tables, formulas, calculations, and documentation. This helped the Parties ascertain commission information on each Plaintiff and reach a fair and reasonable settlement agreement. The parties reached compromises of their individual claims based on the documentation produced, the sales made (including defaulted sales), the lack of some reserve supporting documentation, and the negative reserves alleged by Defendant.[1]

10. Pursuant to the new settlement agreements executed by Plaintiffs, the settlement amounts are itemized as follows:

Casini
Two Thousand five hundred fifteen dollars and sixteen cents ($2,515.16). Of the stated amount, $1,257.58 will be attributed to wages, and $1,257.58 as liquidated damages.

$1,100 fees and costs (independently negotiated from Plaintiff's amount).

Zuluaga
One Thousand Eight Hundred Thirty-Six Dollars and Fourteen Cents ($1,836.14). Of the stated amount, $918.07 will be attributed to wages, and $918.07 as liquidated damages.

$1,100 fees and costs (independently negotiated from Plaintiff's amount).

---

[1] Court Interrogatories totals were: Casini $3,921.12, Zuluaga $1,209, and Jairala $328.00, plus reserves. See Docket No. 15.

Jairala

Three Hundred Ninety-Eight Dollars and Four Cents ($398.04).  Of the stated amount, $199.02 will be attributed to wages, and $199.02 as liquidated damages.

$1,100 fees and costs (independently negotiated from Plaintiff's amount).

11. The settlement agreements do not include confidentiality clauses or general releases.

12. The Parties stipulate and agree that the settlements are fair and reasonable settlements of the controversies involved in this case and comport with the policies underlying the FLSA. The Parties voluntarily agreed to the terms of the settlement during negotiations, and all Parties had an opportunity to consult with attorneys. Further, the Parties negotiated Plaintiffs' recovery and attorney's fees fairly and separately.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreements and dismissing this action with prejudice.

Dated March 20, 2019.

A.J. Stanton, Jr., PA
PO BOX 560024
Orlando, FL 32856
Telephone:  (407) 636-6304
Facsimile: (407) 636-7278


BY:  s/ August J. Stanton
       August J. Stanton, Jr., Esquire
       Florida Bar Number:
       E-mail: jay@lindylake.com
       Counsel for Defendant

WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Telephone:  813-224-0431
Facsimile:  813-229-8712

BY:  s/ Luis A. Cabassa
       Luis A. Cabassa
       Florida Bar Number: 0053643
       E-mail:  lcabassa@wfclaw.com
       Counsel for Plaintiff

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2019, a true and correct copy of the following has been electronically filed with the Clerk of the Court using CM/ECF system, which will send electronic notice to all counsel of record.

**/s/ Cynthia Gonzalez**
Cynthia M. Gonzalez