# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VICENZO CASSINI, JORGE
ZULUAGA and JORGE JAIRALA,**

          **Plaintiff,**

**v.**                                                   **Case No: 6:18-cv-299-Orl-28DCI**

**WORLDGATE VACATIONS, LLC.,**

          **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE (Doc. 40)**
>
> **FILED:**      **March 20, 2019**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**    **Background**

On March 1, 2018, Plaintiffs, through counsel, filed a Complaint pursuant to the Fair Labor Standards Act (FLSA). Doc. 1. Plaintiffs subsequently filed an Amended Complaint alleging that Defendant violated the FLSA by failing to properly pay overtime and minimum wage. Doc. 17-1. On January 10, 2019, the parties filed a Joint Motion to Approve Settlement. Doc. 38. By Order dated March 6, 2019, the Court denied the motion without prejudice because the parties failed to disclose the unpaid wages and liquidated damages, the agreements included

confidentiality provisions, and the parties failed to explain or provide supporting authority with respect to the consideration for the general release provisions. Doc. 39.

The parties have since filed a Second Motion to Approve the Settlement Agreement and have attached new agreements which do not include the offending provisions. Docs. 40 (the Motion); Doc. 40-1 (the Agreements). The undersigned recommends that the Motion be approved and the case be dismissed with prejudice.

**II.     Law**

In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreements to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. In determining whether the Agreements are fair and reasonable, the Court should consider the following factors:

> (1) The existence of collusion behind the settlement;
> (2) The complexity, expense, and likely duration of the litigation;
> (3) The state of the proceedings and the amount of discovery completed;
> (4) The probability of plaintiff's success on the merits;
> (5) The range of possible recovery; and
> (6) The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreements "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[2] The parties may demonstrate the reasonableness of the fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Analysis

#### A. The Settlement.

Plaintiffs claim that Defendant failed to pay overtime compensation and minimum wage in violation of the FLSA. Doc. 17-1. The parties provide that there was a significant dispute regarding Plaintiffs' entitlement to overtime, the amount of overtime liability, and the method for calculation overtime hours. Docs. 33; Doc. 40. This case, therefore, involves a bona fide disputed issue of liability under the FLSA.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

In the Motion, the parties state that Plaintiffs alleged that overtime calculations did not include commission payments, and that wages and overtime were partially paid and later deducted from subsequent wages. Doc. 40. Defendants argue that "Plaintiffs' reserves were in negative due to defaulted sales and that Plaintiffs owed money to their former employer." *Id*. The parties contend that they exchanged tables, formulas, calculations, and documentation, and this assisted them in ascertaining the "commission information on each Plaintiff" and reach settlement. *Id*. The parties add that they reached a compromise of the individual claims based on the produced documentation, the sales made which included defaulted sales, the lack of "some reserve supporting documentation," and the negative reserves Defendant alleged. *Id*. The docket reflects that the parties reached settlement at mediation. Doc. 34.

The parties assert that the Agreements represent fair and reasonable resolutions of Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice. Doc. 40. The parties state that the settlement was voluntarily reached during negotiations and all parties had an opportunity to consult with attorneys. *Id*.

Plaintiff Casini's Agreement provides him with $1,257.58 in wages and an equal amount in liquidated damages for a total of $2,515.16. Doc. 40-1. Plaintiff Zuluaga's Agreement provides him with $918.07 in wages and an equal amount in liquidated damages for a total of $1,836.14. *Id*. Plaintiff Jairala's Agreement provides him with $199.02 in wages and an equal amount in liquidated damages for a total of $398.04. *Id*.

The undersigned finds that this is a fair and reasonable compromise based on the reasons articulated for reaching an agreement during negotiations. Therefore, the undersigned

**RECOMMENDS** that the Court find that the settlements are fair and reasonable resolutions of Plaintiffs' FLSA claims.

### B. Attorney Fees and Costs.

Plaintiffs' counsel will receive $1,100 for attorney's fees and costs with respect to each of the Agreements for a total of $3,300. Doc. 40-1. The Agreements provide that the amount was "independently negotiated from Plaintiff's amount." *Id*. Further, the parties assert in the Motion that the attorney's fees were negotiated "fairly and separately." *Id*. The parties' representation adequately establishes the reasonableness of the fees under the agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the Agreements concerning attorney's fees and costs do not affect the fairness and reasonableness of the settlements.

### C. The Other Terms of the Agreements

The Agreements no longer include the general release that was included in the First Motion for Approval of Settlement. *See* Docs. 38, 40. Instead, Plaintiffs agree to release Defendant from all claims asserted in the lawsuit *Vicenzo Casini, Jorge Zuluaga, and Jorge Jairala v. Worldgate Vacations LLC, Case No. 6:18-cv-00299*. Doc. 40-1. The limited scope of the release allays any concern that Plaintiffs may be giving up unknown, but valuable, claims that are wholly unrelated to this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Further, the Agreements do not contain any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement, i.e., confidentiality and non-disparagement provisions. *See* Doc. 40-1. Thus, the undersigned **RECOMMENDS** that

the Court find that none of the other terms of the Agreements affect the overall fairness and reasonableness of the settlements.

IV. **Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 40) be **GRANTED**;

2. The Court find the Agreements (Doc. 40-1) to be fair and reasonable settlements of Plaintiffs' claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on April 9, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy